# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* A. N. BRALEY, Minor.

UNPUBLISHED
September 6, 2016

No. 330233
Wayne Circuit Court
Family Division
LC No. 13-513188-NA

Before: BECKERING, P.J., and CAVANAGH and GADOLA, JJ.

PER CURIAM.

Respondent appeals by right the trial court order terminating her parental rights to the minor child under MCL 712A.19b(3)(b)(*i*) (parent's act caused injury to child), (g) (failure to provide proper care or custody), and (j) (risk of harm to child if returned to parent). We affirm.

Respondent's parental rights to three older children were terminated on February 18, 2015. Two additional older children had been placed with their father. Respondent's whereabouts were unknown. Presented with evidence that respondent had a serious drug problem, had not visited her children or attended court hearings for over a year, had not complied with the case service plan, failed to rectify the issues that brought the children into care, and that the children had been subjected to physical abuse and neglect, the court found that clear and convincing evidence supported statutory grounds for termination and a preponderance of the evidence established that termination was in the best interests of these three children.

Six months later, on August 14, 2015, respondent gave birth to the child at issue; that child tested positive for THC at birth. Respondent still did not have stable housing or income. An original petition for termination was prepared by the Department of Health and Human Services (DHHS). Respondent received a copy of the petition when she attended a preliminary hearing on August 24, 2015. Respondent did not appear for the subsequent preliminary hearing, pretrial, or adjudication. At the pretrial, the court was informed that respondent had made threats of physical harm to DHHS workers on Facebook. When questioned about these threats, respondent told the worker that the DHHS was killing her by taking her children, so she needed to hurt one of the workers. Because of these threats, her right to visit this child was suspended.

-1-

Pursuant to MCL 712A.19b(4) and MCR 3.977(E), respondent's parental rights were terminated at an initial dispositional hearing held on October 22, 2015. Respondent's whereabouts were unknown. A copy of the order terminating respondent's parental rights to her three older children was entered into the record. Petitioner testified that respondent had tested positive for THC upon admittance to the maternity ward, and the child tested positive for THC after her birth. Respondent admitted to the worker that she had smoked marijuana and put it in her food every day for the past four years, including during her pregnancy.[1] Respondent never had suitable housing or legal income and had not maintained contact with the DHHS. The court found that respondent had long-term mental health problems and substance abuse issues, which impaired her ability to properly parent a child. She was unable to put her child's needs before her own. The court found clear and convincing evidence to support statutory grounds for termination and determined that termination of respondent's parental rights was in the best interests of the child.

On appeal, respondent first contends that the trial court clearly erred in terminating her parental rights because the DHHS failed to make reasonable efforts to reunite her with her child.[2] We disagree. Generally, reasonable reunification efforts must be made to reunite the parent and child unless certain aggravating circumstances exist. *In re Mason*, 486 Mich 142, 152; 782 NW2d 747 (2010); *In re Frey* 297 Mich App 242, 247; 824 NW2d 569 (2012); MCL 712A.19a(2). "When a child is removed from a parent's custody, the agency charged with the care of the child is required to report to the trial court the efforts made to rectify the conditions that led to the removal of the child." *In re Plump*, 294 Mich App 270, 272; 817 NW2d 119 (2011). However, the DHHS is not required to provide reunification services when termination of parental rights is sought in the initial petition. *In re HRC,* 286 Mich App 444, 462-463; 781 NW2d 105 (2009). Services need not be provided where reunification is not intended. *In re LE*, 278 Mich App 1, 21; 747 NW2d 883 (2008).

Respondent agrees that the DHHS was not required to provide services because termination was sought in the initial petition. However, she contends that she should have been provided with services toward reunification because she "seemed ready, willing, and able to comply with a Parent Agency Agreement, when provided with one." Upon review of the record, we find that respondent's contention is totally without merit. The record shows that respondent had deserted her five older children. Numerous services were provided to her during the previous termination proceedings. She never complied with any part of the parent/agency agreement that was offered and ordered. Her whereabouts were unknown and she did not show up for the hearings. Most importantly, she did not visit her children for over a year before her parental rights were terminated. Six months later, this child was born positive for THC, and respondent admitted that she used marijuana daily before, during, and after her pregnancy. Respondent showed up at court for the preliminary hearing but did not attend any of the

---

[1] No evidence was presented establishing that respondent possessed a medical marijuana card or a prescription for the medicinal use of marijuana.

[2] Respondent does not take issue with the trial court's findings with respect to the statutory grounds for termination.

subsequent court dates. She never visited this child. Then she made public threats of harm to the workers and her visitation rights were suspended. She disappeared and her whereabouts were unknown. This was not a person who "seemed ready, willing, and able to comply" with reunification services. Respondent demonstrated that she would make no effort to parent her child but would instead continue to make decisions that caused her to be unfit as a parent.

Next, respondent contends that the evidence failed to support the trial court's determination that termination was in the best interests of the child. Again, we disagree. Once the petitioner has established a statutory ground for termination by clear and convincing evidence, the trial court must find that termination is in the child's best interests before it can order termination of parental rights. MCL 712A.19b(5). "[W]hether termination of parental rights is in the best interests of the child must be proved by a preponderance of the evidence." *In re Moss*, 301 Mich App 76, 90; 836 NW2d 182 (2013). In deciding whether termination is in the child's best interests, the court may consider the parent's parenting ability, *In re Jones*, 286 Mich App 126, 129-130; 777 NW2d 728 (2009), the child's bond to the parent, *In re BZ*, 264 Mich App 286, 301; 690 NW2d 505 (2004), the child's safety and well-being, *In re VanDalen*, 293 Mich App 120, 142; 809 NW2d 412 (2011), whether the parent can provide a permanent, safe, and stable home, *Frey*, 297 Mich App at 248-249, and the child's "need for permanency, stability, and finality," *In re Gillespie*, 197 Mich App 440, 446-447; 496 NW2d 309 (1992). This Court reviews a trial court's decision regarding a child's best interests for clear error. *In re Laster,* 303 Mich App 485, 496; 845 NW2d 540 (2013).

Here, it was clear that termination of respondent's parental rights to the minor child was in the child's best interests. The child was born positive for THC and, although there were no known long-lasting complications or health problems, the fact that respondent admitted that she used marijuana every day for the past four years, including during her pregnancy, demonstrated that she would not provide the proper care required to parent an infant. During the prior termination case, respondent did not comply with the case service plan. She did not attend the many services that were offered to her and did not visit her children. She demonstrated that she would not make any effort to regain custody of her children. There was no bond between respondent and this child because respondent never attended visitation and then lost her right to parenting time after making threats against DHHS workers. She was never able to demonstrate that she could provide a permanent, safe, and stable home. As she did in the prior termination case, respondent failed to attend the court hearings, demonstrating an apparent lack of desire for reunification.

Respondent also argues that the trial court failed to comply with *Mason*, 486 Mich at 164, because the court did not address the fact that the minor child was living with a maternal aunt. The *Mason* Court held that "[a] child's placement with relatives weighs against termination under MCL 712A.19a(6)(a)" and is "an explicit factor to consider" in a best-interest determination. *Id*. at 164. Here, the court acknowledged on the record that the minor child was placed with a maternal aunt. However, the child's father had expressed the desire to care for her and was working with the court to provide for her care and custody. He had agreed to comply with a treatment plan to reach that goal. Therefore, the goal for the minor child was to be placed with her father. There was no reasonable likelihood that respondent would ever make the necessary changes in her life to enable her to provide a proper home for this child. She had

demonstrated this in regard to five older children and by her lack of involvement in this case. As such, termination of respondent's parental rights was in the child's best interests.

Affirmed.

/s/ Jane M. Beckering
/s/ Mark J. Cavanagh
/s/ Michael F. Gadola